UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANKLIN B. SHAW,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | NO.  C15-1523-JCC-JPD<br><br><br>REPORT AND<br>RECOMMENDATION |

Plaintiff Franklin B. Shaw appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative proceedings.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 54-year-old man with a 10th-grade education and a GED.  Administrative Record ("AR") at 39, 474.  Plaintiff has worked short-term jobs in the past, but the jobs identified did not constitute either "substantial gainful activity" or "past relevant work," as defined in the regulations.  *See* AR at 449, 459.  Plaintiff has spent much of his adult life

REPORT AND RECOMMENDATION - 1

incarcerated. *See* AR at 624.

On January 12, 2010, Plaintiff protectively filed a claim for SSI payments, alleging an onset date of September 9, 2009.[1] AR at 127-33, 148. Plaintiff asserts that he is disabled due to mental issues and shoulder pain. AR at 152, 172, 175.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 49-52, 57-58. Plaintiff requested a hearing, which took place on December 22, 2011. AR at 30-46. On January 20, 2012, the ALJ issued a decision finding Plaintiff not disabled. AR at 10-24. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff sought judicial review, and the U.S. District Court for the Western District of Washington previously reversed the ALJ's decision and remanded for further administrative proceedings. AR at 538-53.

On December 17, 2014, a different ALJ held a hearing. AR at 466-500. On June 5, 2015, the ALJ found Plaintiff not disabled. AR at 446-60. On September 24, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to his protective filing date, January 12, 2010. AR at 33.

REPORT AND RECOMMENDATION - 2

Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

IV.   EVALUATING DISABILITY

As the claimant, Mr. Shaw bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

REPORT AND RECOMMENDATION - 3

expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On June 5, 2015, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 12, 2010.

2. The claimant's right acromioclavicular osteoarthritis, spur of the distal right clavicle, depressive disorder, intellectual disability, anxiety disorder NOS, and cocaine dependence in and out of remission are severe impairments.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c). He can lift and carry 50 pounds occasionally, lift and carry 25 pounds frequently, stand and walk with normal breaks for a total of about 6 hours in an 8-hour workday, and sit with normal breaks for a total of about 6 hours in an 8-hour workday. He can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. He cannot perform work involving concentrated exposure to extreme cold, wetness, vibration, and/or hazards (such as working around machinery

or unprotected heights).  He can understand, remember, and carry out unskilled, routine, and repetitive work, cope with occasional work setting change, and have occasional interaction with supervisors.  He can work in proximity to coworkers, but not in a team or cooperative effort.  He can perform work not requiring interaction with the public as an essential element of the job, but occasional incidental contact with the public is not precluded.

5.  The claimant has no past relevant work.

6.  Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

7.  The claimant has not been under a disability, as defined in the Act, since January 12, 2010.

AR at 449-460.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1.  Whether the ALJ erred in finding that Plaintiff did not meet Listing 12.05C;

2.  Whether the ALJ erred in assessing medical opinion evidence; and

3.  Whether the ALJ erred in discounting Plaintiff's credibility.[3]

Dkt. 11 at 2.

## VII.   DISCUSSION

A.  <u>The ALJ Should Further Develop the Record to Determine Whether Plaintiff Meets Listing 12.05C.</u>

At step three of the sequential evaluation of disability, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations.  The Listing of Impairments describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from

---

[3] Plaintiff also challenged the ALJ's RFC assessment, but in doing so, only reiterates arguments made elsewhere. Dkt. 11 at 2, 17-18.  Accordingly, this assignment of error need not be addressed separately.

REPORT AND RECOMMENDATION - 6

doing any gainful activity." *Tackett,* 180 F.3d at 1099.  If a claimant meets or equals a listing, the claimant is found *per se* disabled without further inquiry.

Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established in order for claimant's impairment to meet the listing.  *Tackett*, 180 F.3d at 1099.  The listing at issue in this case has three requirements:

> (1) Significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifesting during the developmental period (before age 22)
>
> (2) A valid verbal, performance, or full scale IQ of 60-70
>
> (3) A physical or other mental impairment imposing an additional and significant work-related limitation of function.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

The ALJ found that Plaintiff satisfied the second and third prongs of Listing 12.05C, but did not satisfy the first prong because the record did not demonstrate *current* significant limitations in the adaptive functioning skills (namely communication, self-care, home living, work, leisure, health, and safety), and because the only evidence about his deficits in adaptive functioning prior to the age of 22 is his own uncorroborated testimony about his special education history and poor academic performance.  AR at 451-52.  The ALJ also noted that Plaintiff's IQ score was obtained after his 22nd birthday, and found that his marginal work history was primarily caused by his incarceration history.  AR at 452.

Plaintiff challenges the ALJ's findings as to Listing 12.05C on a number of grounds. First, Plaintiff argues that the ALJ erred in finding that the timing of his IQ score was relevant (AR at 452), because Listing 12.05C does not require that a qualifying IQ score date to the developmental period.  Dkt. 11 at 3.  Plaintiff is correct; the Court finds that this portion of the ALJ's findings is not relevant to determining whether Plaintiff meets Listing 12.05C.

REPORT AND RECOMMENDATION - 7

Second, Plaintiff argues that the ALJ erred in assuming that his marginal work history was due to his incarcerations, rather than impairment-related difficulties. Dkt. 11 at 4. Plaintiff points to earnings records showing that when not incarcerated, he did attempt to work, even if his earnings were minimal. *Id*. The Commissioner reiterates the ALJ's finding, but does not explain why it was reasonable for the ALJ to assume that Plaintiff's incarceration history was the primary explanation for his minimal earnings. Dkt. 12 at 4. It is also not clear how this finding supports the conclusion that Plaintiff did not have deficits in adaptive functioning prior to age 22. Plaintiff's recurring criminal behavior as an adult does not necessarily bear on his functioning prior to that time, and it does not necessarily imply that he was without functional deficit as an adult, either.

Third, Plaintiff cites his self-reports regarding his leaving high school without graduating, his special education history, and the process by which he eventually obtained his GED as evidence supporting a finding of deficits in adaptive functioning. Dkt. 11 at 4 (referencing AR at 153, 261, 359, 489); *Campbell v. Astrue*, 2011 WL 444783, at *17 (E.D. Cal. Feb. 8, 2011) (indicating that deficits in adaptive functioning can be inferred from evidence showing attendance in special education classes, dropping out of high school, academic difficulties, and low-skilled work history). The Commissioner argues that Plaintiff's uncorroborated statements are insufficient to establish the facts asserted, because the ALJ discounted the credibility of Plaintiff's self-reports. Dkt. 12 at 4. But courts have found "circumstantial evidence" such as a claimant's self-reports sufficient to establish the existence of deficits during the developmental period, even where the ALJ has discounted a claimant's credibility. *See, e.g.*, *Jones v. Colvin*, __ F. Supp. 3d __, 2016 WL 781930, at *4-7 (D. Or. Feb. 29, 2016); *Caballero v. Comm'r of Social Sec. Admin.*, 2014 WL 4163841, at *1, *8 (E.D. Cal. Aug. 20, 2014).

REPORT AND RECOMMENDATION - 8

In light of Plaintiff's testimony describing an educational history consistent with deficits in adaptive functioning,[4] the ALJ should have further developed the record in an attempt to determine the extent of Plaintiff's special education history, rather than simply find the record to be insufficient because plaintiff's testimony was "uncorroborated."  *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (finding that an ALJ's duty to develop the record is triggered when the "record is inadequate to allow for proper evaluation of the evidence").  Although Plaintiff does bear the burden of proof at step three, an ALJ also has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."  *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Accordingly, the Court recommends that on remand the ALJ further develop the record to obtain Plaintiff's educational records to determine whether Plaintiff satisfies the first prong of Listing 12.05C.  *See, e.g.*, *Whiteside v. Colvin*, 2013 WL 5373040, at *7 (E.D. Wash. Sept. 25, 2013) (remanding for further development of the record regarding a claimant's special education history).  Because the record requires further development regarding the extent of Plaintiff's deficits in adaptive functioning prior to age 22, further proceedings, rather than a finding of disability, is the proper remedy.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

---

[4] The ALJ did find that Plaintiff made inconsistent statements about his special education history. AR at 455. At the hearing, Plaintiff testified that he received special education in prison, to obtain his GED, as well as when he was in school in all subjects. AR at 474, 488-89. The ALJ found this testimony to be inconsistent with Plaintiff's report to providers that he received special education in math. *See, e.g.*, AR at 618.

REPORT AND RECOMMENDATION - 9

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 25, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 29, 2016**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 11th day of July, 2016.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 10